# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-10449
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERAFIN LOPEZ-TOVAR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CR-77-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Serafin Lopez-Tovar appeals the 24-month sentence imposed following his guilty-plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. He contends that the district court erred by sentencing him above the applicable 2-8 month guidelines range because the court based the upward variance on its disagreement with the exclusion by the Sentencing Guidelines of his aged convictions from his criminal history score.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 596 (2007). We conduct the reasonableness review in the light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). If, as in this instance, a defendant does not challenge the procedural correctness of the sentence, we may proceed to an examination of the substantive reasonableness of the sentence, *see United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008), under the above-mentioned abuse-of-discretion standard. *See Gall*, 128 S. Ct. at 597.

The district court imposed a non-guidelines sentence above the applicable guidelines range. The selection of a non-guidelines sentence is within the discretion of the district court. *Id.* This court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The district court explained that it imposed an upward variance from the recommended guidelines range because Lopez-Tovar had a "serious criminal history," including six convictions that did not receive criminal history points under the Guidelines. The district court noted that three of his convictions were for driving while intoxicated and that, all together, he had nine prior convictions. The district court further explained that it had considered the § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law, the

need to afford adequate deterrence to further criminal conduct, and the need to protect the public from further crimes by the defendant.

The district court's upward variance from the guidelines maximum of 8 months to a sentence of 24 months was not unreasonable. *See Brantley*, 537 F.3d at 348-50 (variance from the guidelines maximum of 51 months to a sentence of 180 months deemed reasonable); *United States v. Saldana*, 427 F.3d 298, 312 (5th Cir. 2005) (noting that although the "district court quadrupled the maximum sentence allowable for [the defendant] under the Guidelines," the sentence was reasonable); *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005) (upholding departure of almost 300% from guidelines range maximum of 41 months to 120 months). The district court's judgment is AFFIRMED.